```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                 Civil No. 16-412(DSD/JSM)
```

Cambria Company LLC,

       Plaintiff,

v.                                                                 **ORDER**

Renaissance Marble & Tile, Inc.,

       Defendant.

      Christopher R. Sall, Esq., Donald Chance Mark, Jr., Esq. and Fafinski Mark & Johnson, PA, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344, counsel for plaintiff.

      Terrance J. Wagener, Esq. and Messerli & Kramer, PA, 100 South Fifth Street, Suite 1400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for remand by plaintiff Cambria Company LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This contract dispute arises out of Cambria's claim that defendant Renaissance Marble & Tile, Inc. breached the parties' agreement by failing to pay amounts due and owing. In December 2008, the parties executed a document titled "Business Partner Agreements." Relevant here, the agreement includes the following choice-of-law and venue provision:

> This agreement shall be governed by and construed in accordance with the laws of the State of Minnesota. Any proceeding involving the Agreement and/or any claims or disputes relating to the agreements and transactions between the parties shall be in the District Court of Le Sueur County, State of Minnesota, and the undersigned hereby submits to the jurisdiction and venue of that court. The undersigned agrees not to raise and waives any objection or defense based upon the venue of such Court and any objection or defense based on forum non conveniens.

Mark Decl. Ex. 1, at 3.

On January 27, 2016, Cambria filed suit in Le Sueur County, Minnesota, claiming that Renaissance breached the agreement. On February 18, 2016, Renaissance removed the case to this court under 28 U.S.C. § 1441(b). Renaissance then filed an answer and counterclaim alleging that Cambria breached the agreement, tortiously interfered with its prospective economic relations, and breached the Iowa franchise statute, I.C.A. § 523H. Plaintiff now moves to remand pursuant to the forum selection clause.

## DISCUSSION

The district court has the inherent power to remand a case to state court to give effect to a forum selection clause. Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1056 n.1 (D. Minn. 2008). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen

v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972)).

Renaissance concedes that the forum selection clause applies to this matter, but argues that it is unenforceable under Iowa franchise law.[1]  Specifically, Renaissance argues that § 523H.3 invalidates the forum selection clause because it permits actions under its provisions to "be commenced wherever jurisdiction over the parties or subject matter exists, even if the agreement limits actions or proceedings to a designated jurisdiction."  This argument completely ignores the fact that the agreement contains a choice-of-law provision expressly stating that it "shall be governed by and construed in accordance with the laws of the State of Minnesota."  Mark Decl. Ex. 1, at 3.  Renaissance does not contend that the choice-of-law provision is unenforceable, and the court finds no basis to find it unenforceable.  As a result, Iowa law does not apply to this dispute and cannot serve as a basis to invalidate the forum selection clause.

The court also finds that Renaissance waived the right to remove this matter.  "A waiver of a right to remove must be clear and unequivocal."  Weltman v. Silna, 879 F.3d 425, 427 (8th Cir. 1989).  As noted, Renaissance agreed "not to raise and waive[d] any objection or defense based upon the venue of [LeSueur County District Court]."  Id.  The court finds that this provision

---

[1] Renaissance also argues that remand is foreclosed because the complaint does not reference the forum selection clause.  This argument lacks merit and will not be discussed further.

constitutes a clear and unequivocal waiver of the right to remove. See iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005) (holding that nearly identical language "unambiguously prohibited [defendant] from objecting to venue by removing the case to federal court").

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1. The motion to remand [ECF No. 6] is granted; and
2. The case is remanded to Le Sueur County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 28, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court